USDC No. 4:22cv186-DMB-JMV

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

**LEKATIN COBBINS**                                                                  **PLAINTIFF**

VS.                                         CIVIL ACTION NO.: 2022-0115 CI



**CHICOT IRRIGATION, INC.;**
**KENTZEVIUS FLOWERS; and**                                        **DEFENDANTS**
**JOHN AND JANE DOES 1-10**

### COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff, LEKATIN COBBINS, by and through his attorney of record, files this Complaint against Defendants CHICOT IRRIGATION, INC.; KENTZEVIUS FLOWERS; and JOHN AND JANE DOES 1-10, and in support of this Complaint, Plaintiff would show unto this Honorable Court the following facts and matters, to-wit:

### PARTIES

1. Plaintiff, LeKatin Cobbins, (hereinafter "Plaintiff"), is an adult resident of Sunflower County, Mississippi who resides at 409 Little Milton Avenue, Iverness, Mississippi 38753.

2. Defendant, Chicot Irrigation, Inc. (hereinafter "Defendant Chicot"), is an Arkansas corporation conducting business in the State of Mississippi, with its principal place of business located at 3435 Highway 65 and 82, Lake Village, Arkansas 71653. Process may be served upon said Defendant through its registered agent, Cory Rowe, at 1102 East Avenue N, Hollandale, Mississippi 38748, by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

3. Defendant, Kentzevius Flowers (hereinafter "Defendant Flowers"), is an adult resident citizen of Washington County, Mississippi. Process may be served upon said Defendant

1



at his residence at 404 Lincoln Street, Hollandale, Mississippi 38748, by any means provided under Rule 4 of the Mississippi Rules of Civil Procedure.

4. Defendants, John and Jane Does 1-10, are fictitious Defendants, the true identity of each is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John and Jane Doe(s) Defendants constitute the class of organizations, companies, or individual's unknown to Plaintiff at this time that through their negligence, conspiracy, concealment, or otherwise caused Plaintiff damage or delayed Plaintiff access to judicial relief. Plaintiff reserves the right to amend the Complaint when upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the parties and subject matter of this action based on the fact that the amount in controversy exceeds two hundred dollars ($200.00) exclusive of costs and interests, pursuant to Mississippi Code Annotated §9-7-81 (1972).

6. Venue is proper in Washington County, Mississippi, pursuant to Mississippi Code Annotated §11-11-3(1)(a) (1972).

## FACTS

7. On July 7, 2020, Plaintiff was an invitee at Defendant Chicot's employee parking lot in Hollandale, Mississippi.

8. On July 7, 2020, Plaintiff arrived inside the gated premises and was sitting inside his vehicle before entering the building to start his shift at Chicot Irrigation.

9. Unbeknownst to Plaintiff, Defendant Flowers was anticipating his arrival near the entryway of Chicot Irrigation.

10. Defendant Flowers is an employee of Defendant Chicot.

11. Defendant Chicot was aware Defendant Flowers had a firearm and was aware of Defendant Flowers intent to assault Plaintiff.
12. The armed individual, Defendant Flowers, brandished his gun as he began walking toward Plaintiff's vehicle.
13. At all times relevant herein, Defendants' premises was located in an atmosphere of violence.
14. Upon information and belief, Defendant Flowers carried out a violent plan in the subject employee lot when he opened fire into the vehicle, shooting Plaintiff multiple times in his left arm, right arm, left thigh, left hand, and chest.
15. Plaintiff was an employee of Defendant Chicot and was entering the parking lot to begin his employment duties for said Defendant at all relevant times of this action.
16. Defendant Chicot denied that Plaintiff was in the course and scope of his employment at the time of the shooting and as such this claim is not barred by the exclusive provision of the Workers' Compensation Act. (Exhibit A. Defendant Chicot Answers to Workers' Compensation Claim)
17. Upon information and belief, Defendant Chicot had actual knowledge of the prior violent nature of the individual who shot Plaintiff.
18. Defendants and their employees owed a duty to Plaintiff to maintain a reasonably safe environment.
19. As a result of this breach, Plaintiff suffered physical wounds, and other general and special damages.

## CAUSES OF ACTION

### I.   Negligence

A. By Defendant Chicot

20. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

21. Defendants owed a heightened duty to Plaintiff at the time as he was an invitee at Chicot Irrigation on July 7, 2020.

22. Defendants caused Plaintiff's injuries in one or more of the following ways:

    a. Defendants actively and affirmatively, with a degree of conscious decision-making, impelled the conduct of the shooter in allowing him to remain in the employee lot;

    b. Defendants failed to protect Plaintiff against unreasonable risk of physical harm while on the premises;

    c. Defendants failed to use the highest degree of care and safety in a manner consistent with how it operates its business;

    d. Defendants failed to follow its own policies and procedures with regard to safety and access to the employee lot;

    e. Defendants failed to have protocol in place to ensure the safety of Plaintiff if an any armed entity entered the employee lot;

    f. Defendants failed to ensure the property was safe for patrons, and;

    g. Any other duties that can be shown at trial or developed through discovery.

23. At all times pertinent hereto, Defendants owed the aforementioned heightened duty to Plaintiff;

24. As a direct result of Defendants' negligent acts and/or omissions, Plaintiff sustained significant and severe personal injuries.

25. The breach of the aforesaid heightened duties constituted negligence and/or gross negligence, and such negligence was the sole cause for the damages sought herein.

B. By Defendant Flowers

26. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

27. Defendant Flowers at said time, date, and place of the incident, was guilty of negligent acts and/or omissions which were the direct and/or proximate cause of the results of said incident and the damages to Plaintiff, in one or more of the following ways to wit:

    a. Negligently failing to use the degree of care and caution in the operation of the firearm as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned incident;

    b. Negligently failing to use reasonable care to avoid injury to others while operating a firearm;

    c. Failure to do any other reasonable acts necessary to prevent said incident; and

    d. Other acts of negligence to be shown at trial or developed through discovery.

## II.  Negligent Hiring/Retention/Supervision/Training

28. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

29. Defendants were further negligent in the hiring, retention, supervision, and/or training of its employees.

30. Defendants failed to provide adequate training, supervision, and/or oversight to eliminate known and hidden dangers to the public and to Plaintiff.

31. The direct and proximate causes of Plaintiff's injuries were as a result of said Defendants' negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff would have been avoided.

5

32. Plaintiff suffered significant and severe personal injuries.

### IV. Respondeat Superior

33. Plaintiff incorporates by reference each and every averment in the paragraphs above.

34. At all times relevant to this action, Defendant Chicot by employing Defendant Flowers, is therefore vicariously liable to Plaintiff for any negligence committed under the theory of vicarious liability and/or corporate negligence.

35. As a direct and proximate cause of the Defendants' actions and inactions, Plaintiff suffered significant and severe personal injuries.

36. Defendants are vicariously liable for the acts of any agents, employees, managers, or staff that allowed the armed employee to enter the employee lot on July 7, 2020, and resulted in Plaintiff's severe injuries.

37. Plaintiff reserves the right to amend their Complaint accordingly after reviewing the pleadings or discovery of Defendants to include all individual Defendants or employee personnel, whether managers, security, or other staff, as well as their corporate or business entities.

### V. Gross Negligence/Compensatory/Punitive Damages

38. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

39. The wrongful actions of the Defendants in failing to properly evaluate, inspect, and warn Plaintiff were willful and/or grossly negligent and were so wanton as to show disregard for the safety of others, specifically Plaintiff, thus giving rise to an award of punitive damages against Defendants.

40. As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred significant and severe personal injuries.

41. As a direct and proximate result of the negligence of the Defendants, Plaintiff is entitled to recover the full measure of damages available under Mississippi Law, including:

    a) Medical expenses;

    b) Physical pain and suffering;

    c) Mental anguish and emotional distress;

    d) Loss wages

    e) Loss of future earning capacity; and

    f) Any other relief to which Plaintiff may justly and properly be entitled, all within an amount within the jurisdiction of this Court.

## VI. Landowner Protection Act

42. This suit meets the requirements of the Landowner Protection Act because Defendants actively and affirmatively, with a degree of conscious decision-making, impelled the conduct of the third party.

43. Alternatively, The Landowner Protection Act does not apply because the injuries were, at least in part, caused by the willful, wanton, or intentional conduct of John Doe 1 when said employee/agents allowed Defendant Flowers on the premises armed and with the intent to cause harm to Plaintiff.

## DAMAGES

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from Defendants CHICOT IRRIGATION, INC.; KENTZEVIUS FLOWERS; and JOHN AND JANE DOES 1-10, and request this Honorable Court to grant relief as follows:

1.  That Plaintiff have judgment against the Defendants for all losses incurred as a proximate result of the negligent conduct and other breaches of standard care or duty, all compensatory damages, pre- and post-judgment interest from the date of

judicial demand, attorneys' fees and costs reasonably and necessarily incurred, in an amount to be determined at trial;

2. That Plaintiff have judgment against the Defendants for damages in an amount to make the Plaintiff whole insofar as a pecuniary amount can accomplish that purpose, in an amount to be determined at trial;

3. That Plaintiff have judgment against the Defendants for punitive damages in an amount sufficient to deter like conduct and to be determined at a trial of this matter; and

4. That Plaintiff have such other relief as this Honorable Court deems just and proper; and

5. That all matters prayed for that are triable by jury, be tried by a jury.

This the 30th day of August, 2022.

Respectfully Submitted,

LEKATIN COBBINS, PLAINTIFF

BY: _____
RAY L. GUSTAVIS

ATTORNEYS FOR PLAINTIFF:

Ray L. Gustavis (MBS #105344)
Darryl M. Gibbs, Esq. (MSB No. 100232)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone:   (601) 948-8005
Facsimile:   (601) 948-8010
rgustavis@cglawms.com
dgibbs@cglawms.com