**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LEKATIN COBBINS**                                                                         **PLAINTIFF**

**V.**                                                   **NO. 4:22-CV-186-DMB-JMV**

**CHICOT IRRIGATION, INC.;
KENTZEVIUS FLOWERS; and
JOHN AND JANE DOES 1-10**                                   **DEFENDANTS**

## OPINION AND ORDER

Lekatin Cobbins was shot by fellow employee Kentzevius Flowers in the parking lot of their employer Chicot Irrigation, Inc. After Cobbins sued Chicot and Flowers in state court alleging various negligence claims based on the shooting, Chicot removed the case to federal court asserting Flowers was fraudulently joined. Chicot then moved for summary judgment on just the claims against Flowers and the respondeat superior claim against it, arguing that because Flowers acted intentionally, such claims are barred based on the one-year statute of limitations. In response to the motion, Cobbins abandoned his claims against Flowers so those claims will be dismissed. And because Chicot cannot be held vicariously liable for Flowers' intentional conduct under a respondeat superior theory, summary judgment will be granted on that claim.

## I
## Procedural History

On August 31, 2022, Lekatin Cobbins filed a complaint in the Circuit Court of Washington County, Mississippi, against Chicot Irrigation, Inc.; Kentzevius Flowers; and "John and Jane Does 1-10," asserting various claims arising from Flowers shooting him in the parking lot at Chicot where they were both employed. Doc. #2. The complaint contains four causes of action: (1) negligence by Chicot and Flowers; (2) "Negligent Hiring/Retention/Supervision/Training;" (3)

"Respondeat Superior;" and (4) "Gross Negligence/Compensatory/Punitive Damages."[1] *Id.* at 3–7.

Invoking diversity jurisdiction, Chicot removed the case to the United States District Court for the Northern District of Mississippi on December 7, 2022. Doc. #1. Specifically, Chicot asserts in its removal notice that Cobbins "is an adult resident citizen of Mississippi and … [it] is an Arkansas corporation with its principal place of business in the State of Arkansas;" although the complaint "does not allege specific amounts of damages," Cobbins' demand of "$1,350,345.05 as the result of this claim" "establishes that the required jurisdictional amount in 28 U.S.C. § 1332 is met;" and Flowers is a citizen of Mississippi but is "fraudulently joined [such that] his citizenship should be disregarded in determining this Court's jurisdiction." *Id.* at 1–2, 3. Chicot filed an answer to the complaint on December 12, 2022. Doc. #7.

On February 9, 2023, Chicot moved for "a Partial Summary Judgment dismissing [Cobbins'] Complaint against … Flowers and dismissing [Cobbins'] claim of liability of … Chicot … based upon *respondeat superior*." Doc. #25. The motion is fully briefed. Docs. #26, #31, #32.

## II
## Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A fact is material when its resolution might affect the case's outcome under governing law. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.
>
> Although courts will resolve factual controversies in favor of the nonmoving party, an actual controversy exists only when both parties have submitted evidence of

---

[1] The negligence claim specifies that it is brought against both Chicot and Flowers but the remaining claims each refer to "Defendants" without further clarification against whom they are asserted. Doc. #2 at 3-7.

contradictory facts. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.

*Guillot ex rel T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (cleaned up).

## III
## Relevant Facts

On July 7, 2020, Chicot Irrigation, Inc. employed both Lekatin Cobbins and Kentzevius Flowers. Doc. #2 at 2; Doc. #7 at 3. Cobbins arrived at Chicot's premises that morning and was sitting inside his vehicle before the start of his shift. Doc. #2 at 2; Doc. #7 at 2–3. Flowers "fired a gun into the vehicle occupied by [Cobbins] and … [Cobbins] was struck by bullets several times" in both arms, his left thigh, left hand, and chest. Doc. #7 at 3; Doc. #2 at 3.

Flowers appeared before Judge Richard Smith in the Circuit Court of Washington County on August 8, 2022. *See* Doc. #25-2 at 1. Flowers waived indictment and pled guilty to a one-count bill of information charging him with mayhem under Mississippi Code § 97-3-59. Doc. #25-1 at PageID 124–29. In setting forth the facts supporting the charge, the State represented that Flowers "did willfully, unlawfully, and feloniously and with premeditated design mutilate and/or disfigure the left hand and wrist of Lekatin Cobbins," and Flowers indicated he did not have "any substantial disagreement" with this representation of the facts. Doc. #25-2 at 11; Doc. #25-1 at PageID 126 (statement from Flowers' "Petition to Enter Plea of Guilty" that he "shot Lekatin Cobbins because [Flowers] believed [he] would be shot"). Flowers was "sentenced to a term of seven (7) years in the custody of the Mississippi Department of Corrections, with five (5) years to be served … and the execution of the remaining two (2) years to be suspended conditioned upon the completion of two (2) years on Post Release Supervision," and ordered to pay a $1,000.00 fine. Doc. #25-1 at PageID 130–31.

IV
**Analysis**

Chicot argues that because "Flowers pled guilty to an intentional act" and "Mississippi law does not recognize claims for 'negligent assault,'" any claims against Flowers are barred by § 15-1-35's one-year statute of limitations and "must be dismissed, thereby maintaining complete diversity of citizenship in this case and diversity jurisdiction in this Court." Doc. #26 at 5. Chicot also argues that "the portions of the Complaint based on the doctrine of *respondeat superior* attempting to make [it] liable for Flowers' conduct as its employee, are also barred by the statute of limitations." *Id.*

In response, Cobbins "does not oppose … Chicot's arguments" with respect to Flowers' dismissal based on the one-year statute of limitations. Doc. #31 at PageID 221. However, he argues that "the respondeat superior claims do not solely involve the actions of … Flowers but of other Chicot employees who were aware of [his] violent plan, negligently waited in anticipation for [him] to carry out his violent plan, and were spectators of the shooting of Mr. Cobbins instead of the people who stopped the incident from occurring."[2] *Id.* at PageID 221–22.

Chicot replies that "while denying these allegations of alleged negligence of other employees," it "concedes that at the current time since discovery has just been started, and since the Partial Summary Judgment Motion relies upon the statute of limitations barring any recovery against Flowers, that while denying other claims, [the respondeat superior claims based on other employees' conduct] are not ready to be dismissed pursuant to Rule 56 of the Federal Rules of

---

[2] Cobbins presents arguments requesting that the motion be denied or stayed pursuant to Mississippi Rule of Civil Procedure 56(f) to allow discovery; however, this Court is governed by the Federal Rules of Civil Procedure. *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 662 (5th Cir. 2022) (courts sitting in diversity "apply federal procedural and evidentiary rules, and the substantive laws of the forum state") (internal quotation marks omitted). Regardless, any request for a stay to conduct discovery is not properly before the Court because Cobbins has not filed a separate motion requesting such. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

Civil Procedure since the parties may dispute those issues." Doc. #32 at 1–2. But it submits that "any claim under the theory of Respondeat Superior based upon the intentional conduct of Defendant Flowers should be dismissed." *Id.* at 2.

Because Cobbins "does not oppose" the arguments challenging his claims against Flowers, the Court deems such claims abandoned.[3] *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."). The claims against Flowers will be dismissed[4] and the motion for summary judgment denied as moot with respect to those claims.

With respect to Chicot, the Court agrees that because there is no dispute Flowers acted intentionally when he shot Cobbins, Chicot cannot be held liable for Flowers' intentional actions under a respondeat superior theory.[5] *See Thompson v. Baptist Mem'l Hospital-Desoto, Inc.*, 247 So. 3d 229, 242 (Miss. 2018) (the doctrine of respondeat superior "imposes vicarious liability on employers for the *negligent* acts or omissions of an employee if committed within the scope of employment") (emphasis added); *Irby ex rel. Collins v. Madakasira*, 252 So. 3d 614, 627 (Miss. Ct. App. 2018) ("Intentional behavior designed to bring about the plaintiff's injury forms the basis of an intentional tort, and an intentional tort cannot be committed negligently.") (cleaned up).[6] Summary judgment will be granted on the respondeat superior claim stemming from Flowers' intentional conduct.

---

[3] To the extent the complaint's use of the plural "Defendants" makes it unclear which claims are asserted against Flowers, because Chicot seeks dismissal of Flowers from the case and Cobbins does not oppose these arguments, the Court deems abandoned all claims asserted against Flowers.

[4] Following Flowers' dismissal, complete diversity exists between Cobbins and Chicot. *See* Doc. #2 at 1.

[5] The Court applies Mississippi substantive law. *See Stringer*, 52 F.4th at 662.

[6] Even if the claims against Flowers had not been abandoned, because *Irby* holds an intentional act cannot be negligent, Chicot demonstrated Flowers' improper joinder since Cobbins had "no reasonable possibility for recovery against [Flowers] under [Mississippi] law" given the claims in the complaint alleged against Flowers. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 403 (5th Cir. 2013).

# V
# Conclusion

Cobbins' abandoned claims against Flowers are **DISMISSED**. Chicot's motion for summary judgment [25] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks summary judgment on Cobbins' respondeat superior claim based on Flowers' intentional conduct; it is DENIED in all other respects.

**SO ORDERED**, this 16th day of March, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**