IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LEKATIN COBBINS**                                                                             **PLAINTIFF**

VS.                                      **CIVIL ACTION NO.: 4:22-cv-186-DMB-JMV**

**CHICOT IRRIGATION, INC.,** *ET AL.*                                  **DEFENDANTS**

**ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

Before the court is Defendant Chicot Irrigation's motion to strike Plaintiff's designation of expert witnesses [69]. The court, having considered the motion and the applicable law, finds that the motion is well-taken and shall be **GRANTED**.

**Introduction and Procedural History**

Plaintiff Lekatin Cobbins commenced this lawsuit on August 31, 2022, in the Circuit Court of Washington County, Mississippi. The suit was later removed to this Court on the basis of diversity jurisdiction. On February 7, 2023, the Court entered an initial case management order [20], and then by separate order dated April 17, 2023, the Court extended the case management deadlines, including the deadlines for designating experts [42]. According to the terms of the order amending the case management deadlines [42], Plaintiff's expert designation deadline was established as June 8, 2023.

On June 7, 2023, Plaintiff filed a Notice of Service of Designation of Expert Witnesses [56]. The instant motion to strike Plaintiff's designation [69] and memorandum in support [70] were then filed on July 18, 2023. Plaintiff's Designation of Expert Witnesses, which is attached as Exhibit 1 to the instant motion, identifies Plaintiff's expert witnesses as follows:

1. All treating physicians, clinics, and practitioners as causation and damage experts.

2. Any and all emergency and professional staff as well as any additional nurses or hospital staff that provided care to Plaintiff.

3. Pafford Medical Services

4. Delta Regional Medical Center

5. University of Mississippi Medical Center

6. University of Mississippi Medical Center – River Chase

7. Professional Physical Therapy

8. Next Level Health & Wellness

*See* Ex. 1 to [69].

No individual physicians were identified, and no summary of the facts and opinions to which each unidentified witness was expected to testify was provided. Instead, the designation identified general topics to which the unnamed experts will potentially testify, such as: medical diagnosis and prognosis; past and present physical ailments and condition; what medical care, equipment and services; whether in the form of psychological therapy, physical therapy, diagnostic testing, prescription medications, ointments, surgery, chronic pain management or other available and necessary means Lekatin Cobbins required to mitigate the pain and discomfort stemming from the negligence of Defendants; past and future medical bills; injuries; and prognosis for Plaintiff, functional limitations and/or impairments, and recommendations. *Id.* No summary of facts or actual opinions accompanied these general topics.

Twenty-one days later, on August 8, 2023, Plaintiff attempted to file his response in opposition, but he was directed to refile by the clerk's office; Plaintiff effectively did so on August

2

10, 2023. *See* [77] and [78]. Defendant filed its reply on August 15, 2023, along with a motion to strike [79] Plaintiff's response and memorandum in opposition due to them being untimely filed.[1]

## Law and Analysis

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. *Johnson v. Clarksdale Pub. Utilities Comm'n*, 2022 WL 17978805, at *2 (N.D. Miss. Dec. 28, 2022), citing Fed. R. Civ. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. *Id.*, citing Fed. R. Civ. P. 26(a)(2)(B). If the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. *Id.*, citing Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be made and supplemented in the time and sequence ordered by the Court. *Id.*, citing Fed. R. Civ. P. 26(a)(2)(D)-(E). Under our local rules, a party's failure to do so is "grounds for prohibiting introduction of that evidence at trial." *See* L.U. Civ. R. 26(a)(2).

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts, including treating physicians. *Johnson*, 2022 WL 17978805, at *2 (N.D. Miss. Dec. 28, 2022); *see also Barnett v. Deere & Co.*, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004)). A treating physician may testify as a non-retained expert witness – and need not provide an expert report – provided the physician's testimony is "confined to facts disclosed during care and treatment of the patient,"

---

[1] The Court acknowledges that Plaintiff's response [77] and memorandum [78] were untimely filed. Nonetheless, due to the outcome of the instant motion and in this Court's discretion in handling its docket, it finds that the motion to strike [79] shall be and is hereby terminated as moot.

3

including his diagnosis, the causation of a plaintiff's injuries, and the plaintiff's prognosis. *Id.* In this context, the treating physician's opinions must be based on their "personal knowledge and observations obtained during the course of care and treatment." *Id.* (quoting *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)). However, the local rule requires at least *some* explanation concerning the designated experts' testimony. Local Uniform Civil Rule 26(a)(2) provides:

> [a] party must designate physicians [...] who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses but the must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and *a summary of the facts and opinions* to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U. Civ. R. 26(a)(2)(D) (emphasis added). Importantly, "an attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court. L.U. Civ. R. 26(a)(2)(B).

Here, Plaintiff's designation mirrors what another Magistrate Judge in this district described as "broad subject-area recitations" when striking a similar designation of experts. *Johnson*, 2022 WL 17978805, at *2 (N.D. Miss. 2022). As this Court recognized in *Moore v. Lipscomb Oil Co.*, 2015 WL 1037654, at *3 (N.D. Miss. Mar. 10, 2015):

> The court has ruled on this issue numerous times in the past, and it is well established in this district that merely referring to or incorporating by reference a party's medical records does not comply with the rules' mandates that the party provide a summary of the facts known to and opinions held by a treating physician.

(citing *Doss v. NPC Int'l, Inc.*, 2010 WL 2900422 (N.D. Miss. 2010)); *see also Johnson*, *supra*, at *2.

In this instance, Plaintiff's designations fall woefully short of complying with the rules. Plaintiff's attempted designation merely states, "All treating physicians, clinics, and practitioners

4

as causation and damage experts" and "Any and all emergency and professional staff as well as any additional nurses or hospital staff that provided care to Plaintiff," followed by a laundry list of generalized topics. Ex. 1 to [69]. As the Court questioned in *Johnson*, "What type of treatment was provided? When and for how long? Moreover, what opinions were formed during the scope of this unspecified treatment?" 2022 WL 17978805, at *2 (N.D. Miss. 2022). Further, in our case, Plaintiff has failed to even identify the individuals who provided the alleged treatment.

As to Plaintiff's argument that he has somehow complied by listing the names of individuals in his core disclosures, Plaintiff did not comply with Fed. R. Civ. P. 26(a)(1)(A)(i) when listing the names of individuals in his core disclosures. The rule regarding core disclosures requires a party to disclose "the name of each individual likely to have discoverable information – along with the subjects of that information." By comparison, Plaintiff disclosed no subjects of information possessed by any of the individuals listed in his core disclosures, let alone any subjects of information governed by Fed. R. Evid. 702, 703 or 705.

In Defendant's rebuttal brief, it correctly notes that:

> Chicot is not required to guess which of the eighteen healthcare individuals listed in the plaintiff's Rule 26(a)(1) disclosures may be designated as experts, much less conduct eighteen separate depositions to ferret that out. Hence, the requirement to "make full and complete disclosures as required by Fed. R. Civ. P. 26(a)(2) and L. U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L. U. CIV. R. 26(a)(2).

[81] at 3.

Plaintiff also asks this Court to accept his production of medical records as a substitute for a proper expert designation and, in turn, deny Chicot's motion to strike. As explained above, the *Moore* court laid to rest such a notion – incorporating by reference a party's medical records does not comply with the rules' mandates that the party provide a summary of the facts known to and

5

opinions held by a treating physician. *See Moore*, 2015 WL 1037654, at *3 (N.D. Miss. Mar. 10, 2015).

Finally, the requirement to provide "a summary of the facts and opinions to which the witness is expected to testify" applies only to witnesses who are called to offer *expert* testimony. *Johnson*, 2022 WL 17978805, at *3 (N.D. Miss. 2022), citing *Moore*, 2015 WL 1037654, at *2 (N.D. Miss. Mar. 10, 2015). A treating physician who has not been designated as an expert but has been properly identified as a witness may testify as a fact witness but may not express opinions not contained in the plaintiff's medical records. *Id.*, citing *Doss*, 2010 WL 2900422 at *3 (limiting testimony of treating physician because designation of physician as expert failed to comply with requirements of L.U. Civ. R. 26); *see also Duke v. Lowe's Homes Centers, Inc.*, 2007 WL 3094894 (N.D. Miss. Oct. 19, 2007) (without an expert report, the treating physician's testimony was "limited to those facts and opinions contained in [the] medical records"). Thus, to the extent any of Plaintiff's physicians are properly identified as witnesses in this case and their records are produced in discovery, their testimony is limited to the facts and opinions contained therein.

### Conclusion

The expert designations fail to comport with L.U. Civ. R. 26 and are stricken. As such, Defendant Chicot Irrigation's motion to strike Plaintiff's designation of expert witnesses [69] shall be and is hereby **GRANTED**.

**SO ORDERED** this, the 21st day of August, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**