**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LEKATIN COBBINS**                                                       **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 4:22-cv-186-DMB-JMV**

**CHICOT IRRIGATION, INC., ET AL.**                              **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
DEPOSITION ERRATA SHEETS**

**BEFORE THE COURT** is the Plaintiff's Motion to Strike Deposition Errata Sheets [90]. For the reasons detailed below, the Court finds that the motion shall be **DENIED**.

## Background and Procedural History

On August 31, 2023, the Plaintiff deposed two Chicot Irrigation, Inc., employees – Graham Hollister and Layne Boykin. Both Plaintiff and Defendant agree that the transcripts of those depositions were received from the official court reporter on September 11, 2023. On October 9, 2023, Hollister and Boykin initially served their signed certificates of deponent, along with errata sheets which specified changes to their deposition transcripts. *See* Ex. D and E to [90]. That same day – October 9, 2023 –Hollister and Boykin also served amended errata sheets, along with their signed certificates of deponent. *See* Ex. 1 and 2 to [96].

On November 10, 2023, Plaintiff moved to strike Hollister's and Boykin's errata sheets.[1]

---

[1] Defendant Chicot Irrigation argues that the Plaintiff only moved to strike Hollister and Boykin's initial errata sheets, but not their amended errata sheets that were also served on October 9, 2023. The amended errata sheets are not mentioned in the Plaintiff's motion. Upon comparing the initial errata sheets and the amended errata sheets, the undersigned notes that the differences are minor and do not impact the decision of this Court on the pending motion. No reply was filed by the Plaintiff, and he has not disputed that the amended errata sheets were served on October 9, 2023. Accordingly, any references herein by the Court to "errata sheets" will refer to the amended errata sheets

1

In said motion, Plaintiff requests that this Court "strike both deponent Graham Hollister and Layne Boykin's errata sheets to avoid 'corrections' that directly contradict prior deposition testimony." [90] at 2. Plaintiff argues that review of the proffered changes suggests an improper attempt by Defendant's counsel to alter substantive testimony to hide the truth, and to avoid liability for Defendant's failure to properly maintain/control their premises as well as vicarious liability for their employees." *Id.* No argument is made as to the timeliness of service of the errata sheet, rather, the argument made is that the alleged substantive changes are improper under Fed. R. Civ. P. 30(e).

In opposition, Defendant argues that the motion should be denied because Hollister and Boykin complied with the technical aspects of Fed. R. Civ. P. 30(e). Plaintiff did not file a reply in support of his motion.

### Law and Analysis

Fed. R. Civ. P. 30(e), provides:

(e) Review by the Witness; Changes.

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>> (A) to review the transcript or recording; and
>>
>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

"Rule 30(e) does not provide any exceptions to its requirements." *Reed v. Hernandez*, 114 Fed. App'x 609, 611 (5th Cir. 2004) (affirming exclusion of errata sheets for failure to strictly comply with Rule 30(e) where the deponent submitted 120 changes to his deposition

---

attached as Ex. 1 and Ex. 2 to Defendant's Response in Opposition [96].

answers outside of the 30-day period prescribed by the Rule). This Court "accords a plain meaning approach or literal interpretation to Rule 30 and, consequently, allows any change in form or substance regardless of whether convincing explanations support the change." *Betts v. General Motors Corp.*, 2008 WL 2789524, at *2 (N.D. Miss. 2008). As noted in *Betts*, it is not the role of the courts to "evaluate the credibility of the reasons cited by the deponent for changing his deposition but should merely ensure that the deponent has complied with the technical aspects of the rule." *Id.*

Here, the errata sheets comply with the technical aspects of the rule, including a statement of the reasons for the changes. *See* Ex. 1 and 2 to [96]. The term "reason," as it appears in Rule 30(e), "should be interpreted in its most common sense meaning: a statement explaining the deponent's reasons for making the change." *Betts*, 2008 WL 2789524, at *2 (N.D. Miss. 2008). Plaintiff argues that the "alterations" to Hollister's testimony in particular contain conclusory, boilerplate rationale – but this Court disagrees. The reasons provided for correction, such as "To clarify that I had another gun" and "After my deposition, I determined this was the correct response" are sufficient "reasons" under Rule 30(e). *See* Ex. 1 and 2 to [96]. Plaintiff's argument to the contrary is unpersuasive.

## Conclusion

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike Deposition Errata Sheets [90] is hereby **DENIED**.

**SO ORDERED**, this the 1st day of December, 2023.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE